**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **JOHNATHON HYSLOP,**<br><br>Plaintiff,<br><br>v.<br><br>**TOWNSHIP OF WEST WINDSOR, et al.,**<br><br>Defendants. | :<br>:<br>;<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 25-15658 (ZNQ)(JTQ)<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon Plaintiff Jonathan Hyslop's ("Plaintiff") Motion for the Appointment of *Pro Bono* Counsel (ECF No. 40) pursuant to 28 U.S.C §1915(e)(1). The Court has considered Plaintiff's submission and for the reasons set forth below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

This matter arises from Plaintiff's April 21, 2023 arrest and subsequent prosecution. Plaintiff seeks to hold certain public entities and individuals in their public capacity ("Public Defendants") accountable for various alleged civil rights violations under 42 U.S.C. § 1983 related to his arrest, including but not limited to malicious prosecution, false arrest, and suppression of evidence. Plaintiff also brings suit against his former defense counsel for malpractice and breach of fiduciary duty.

At issue now is Plaintiff's second motion for the appointment of *pro bono* counsel. ECF No. 40.[1]

## II. LEGAL STANDARD

Litigants in a civil case "possess neither a constitutional nor a statutory right to appointed counsel." *James v. Varano*, 2023 WL 195162, at *5 (3d Cir. Jan. 17, 2023). However, "[t]he court may request an attorney to represent any such person unable to employ counsel" *Tabron*, 6 F.3d at 153 (citing 28 U.S.C. § 1915(e)(1)). The court should "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak,* 294 F.3d 492,499 (3rd Cir. 2002).

Nevertheless, "District Courts [have] broad direction" when making this determination so long as the "claim has some merit in fact and law." *Tabron*, 6 F.3d at 155. "[If] the plaintiff's claim has some arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel" including: 1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation;

[1] This is not Plaintiff's first request for counsel. Plaintiff first sought *pro bono* counsel on September 15, 2025 when he filed his Complaint (ECF No. 1). On October 3, 2025, this Court entered an Order denying Plaintiff's request as premature. ECF No. 11. Plaintiff renewed his request with the filing of this motion (ECF No. 40) on December 6, 2025. Additionally, before the Court could rule on this motion, Plaintiff filed a third application for *pro bono* counsel (ECF No. 74), for the limited purpose of obtaining an affidavit of merit. The Court denied that application on the record during a hearing with the parties on February 24, 2026. *See* ECF Nos. 99, 100.

(4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Id* at 155-57.

## III. DISCUSSION

Assuming, arguendo, that Plaintiff's claims satisfy the threshold factor and possess "arguable merit in fact and law," Plaintiff still fails to provide a sufficient basis for the appointment of *pro bono* counsel under the *Tabron* factors.

Under the first *Tabron* factor, the Court must analyze Plaintiff's ability to present his own case. This requires "an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience." *Hadden v. Hershey,* 2022 WL 17823912, at *3 (D.N.J. Dec. 20, 2022) (citing *Tabron,* 6 F.3.d at 156).

Here, while Plaintiff "is not trained in the law" and "has no litigation experience," the record reflects that Plaintiff possesses a strong command of the English language and an adequate comprehension of the legal process. ECF No. 40-1 ("Mov. Br.") at 2. Plaintiff has: (1) successfully drafted and amended a coherent, well-structured complaint (ECF Nos. 1, 61); (2) filed multiple motions wherein he presents reasonable legal arguments supported by properly cited caselaw (*See* ECF Nos. 3, 4, 5, 13, 32, 39, 40, 55, 74, 121); and (3) opposed (ECF Nos. 87, 99, 89, 90, 91, 117, 118) six independent motions to dismiss (ECF Nos. 77, 80, 81, 83, 114, 115). Thus, Plaintiff has established that he possesses the proper literacy and analytical capacity

necessary to navigate the procedural demands of litigation. Because Plaintiff demonstrates the ability to present his own case at this stage of the litigation, the first *Tabron* factor weighs against appointing *pro bono* counsel.

With respect to the second factor, courts must analyze the complexity of the legal issues presented. *Tabron,* 6 F.3d at 156. Although "it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis," the legal issues Plaintiff faces at this stage are not overly complex. *Tabron,* 6 F.3d at 156. Plaintiff asserts multiple causes of action under 42 U.S.C. §§ 1983, 1985, 1986, and the Americans with Disabilities Act, as well as various state-law claims. Plaintiff argues that "these are not straightforward, single-issue claims that a layperson can easily manage." Mov. Br. at 3. While these claims encompass different areas of the law and present distinct legal issues, they rely on well-established legal frameworks and settled bodies of law. Accordingly, this factor also weighs against the appointment of *pro bono* counsel.

For the third factor, the Court evaluates the degree to which factual investigation will be necessary and Plaintiff's ability to pursue such investigation. Claims that likely "require extensive discovery and compliance with complex discovery rules" may warrant counsel. *Tabron*, 6 F.3d at 156. In this case, the factual basis for Plaintiff's claims is narrow and primarily relies on documentation that is readily accessible (despite Plaintiff's representations), such as police reports and criminal records. Mov. Br. at 3. Furthermore, Plaintiff is not currently incarcerated and has not demonstrated any unusual practical impediments to conducting standard

discovery. Based on these facts, the Court concludes that Plaintiff has the ability to adequately pursue discovery without appointed counsel, and therefore the third factor weighs against the appointment of counsel at this time.

Turning to the fourth factor, courts are more likely to appoint counsel when a case is likely to turn on credibility determinations. *Tabron*, 6 F.3d at 156. The Court acknowledges that Plaintiff's claims for malicious prosecution and First Amendment retaliation will plausibly require witness testimony and cross-examination, a factor that typically weighs in favor of appointing counsel. *Montgomery*, 294 F.3d at 505. However, any reliance on credibility here is significantly mitigated by the extensive documentary record that will also play a significant role. As detailed in the Amended Complaint (ECF No. 61), Plaintiff's claims also rely on police body-camera footage, audio recordings, and written correspondence. The fourth *Tabron* factor "only weighs against appointing pro bono counsel when the issue of credibility boils down to 'solely a swearing contest.'" *Markferding v. Markferding*, 2021 WL 5711591, at *2 (D.N.J. Dec. 1, 2021) (quoting *Parham*, 126 F.3d at 460). The current record does not suggest that Plaintiff's claims meet this threshold.

Additionally, even if the resolution of this case will ultimately hinge on witness credibility at trial, such a determination is entirely premature at this juncture. The Parties have yet to engage in any discovery and are waiting for the resolution of their pending motions to dismiss. At this stage in the litigation, the Court must accept all of Plaintiff's factual allegations as true. Accordingly, at this time, the fourth factor weighs against the appointment of counsel.

As for the fifth factor, the Third Circuit has stated that the need for expert testimony weighs heavily in favor of appointing counsel. *Parham*, 126 F.3d at 460. Plaintiff claims that he will require expert testimony and opinions regarding use of force, probable cause, and malpractice standards. While expert testimony might eventually be required on those issues, it is nonetheless premature at this stage of litigation as fact discovery has yet to commence, and it remains unclear what claims may survive Defendants' motions to dismiss. Accordingly, this factor currently weighs against appointing the Plaintiff *pro bono* counsel.

For the sixth factor, the Plaintiff is proceeding *pro se*. There is no indication that the Plaintiff's financial situation has changed; he is not financially able to retain counsel on his own. This factor weighs in favor of appointing counsel. However, indigency alone is not a sufficient reason to grant *pro bono* counsel. *Davis v. Burke*, 2022 WL 970220, at *3 (D.N.J. Mar. 30, 2022).

## IV. CONCLUSION

On balance, the *Tabron* factors weigh against the appointment of counsel at this time. Therefore, the Court denies Plaintiff's motion for the appoint of counsel without prejudice. Should future circumstances warrant the appointment of counsel, Plaintiff may file a renewed motion, or the Court may appoint counsel *sua sponte* if deemed necessary.

**IT IS** on this 31st day of July 2026

**ORDERED** that Plaintiff's motion for appointment of *pro bono* counsel (ECF No. 40) pursuant to 28 U.S.C. § 1915 (e)(1) is **DENIED**; it is further

**ORDERED** that the Clerk is to terminate ECF No. 40.

*s/Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge